FILED
APR 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDULAI CONTEH
9113 Littlestone Drive
Fort Washington, MD 20744

V.

LURITA DOAN, ADMINISTRATOR )
U.S. GENERAL SERVICES ADMINISTRATION )
301 7th Street, SW )
Washington, DC 20407-0001 )
      Defendant )

Case: 1:07-cv-00786
Assigned To : Roberts, Richard W.
Assign. Date : 4/30/2007
Description: EMPLOY DISCRIM.

Jury Trial Demanded

PLAINTIFF'S ORIGINAL COMPLAINT

A.    NATURE OF ACTION

(Race/Color Discrimination; National Origin Discrimination; Religious Discrimination, Equal Pay and Compensation Discrimination, Failure to promote, Failure to Transfer and Non Selection Discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., 42 U.S.C. 1981 and 1983, Fair Labor Standards, and statutes and common the laws of the District of Columbia, including but not limited to DC Human Rights Act of 1977, as amended).

B.    PARTIES

1.    Plaintiff is a black male and a resident of Prince Georges County, Maryland. Plaintiff is a United States citizen and also a national of Sierra Leone.

2.    At all the relevant time during which the illegal acts made the basis of this suit occurred, Plaintiff was an employee of the United States from 1998 and employee of the Defendant, General Services Administration, (hereinafter interchangeably, Defendant, GSA or the Agency) from May 2003 until present and an employee within the purview of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. 1981, 1983, Fair Labor Standards, and DC Human Rights Act of 1977, as amended, and belongs to a class

protected under the above statutes, namely 42 U.S.C. 2000e (f). Plaintiff's current position is a Budget Analyst GS-11. But for the discriminatory conduct of Defendant, Plaintiff would have been on GS-12 since May 31, 2005 like his other similarly situated counterparts.

3. At all times material hereto, Plaintiff performed his duties with Defendant in a diligent and competent manner and met all criteria for promotion to GS-12 on May 31, 2005 but was not promoted due to discrimination orchestrated and masterminded by Barbara Sisco, then Branch Manager (WPD) and now Deputy Director of GSA, Metropolitan Service Center, National Capitol Region.

4. Upon information and belief, Defendant is an Agency of the United States and may be served by serving the United States Attorney General and/or by sending a copy of the summons and of the complaint by certified mail to Lurita Doan, the Agency Administrator.

C. JURISDICTION

5. This Court has jurisdiction over the lawsuit under United States Constitution art. 3, Section 2, cl. 1, 28 U.S.C. Sec. 1333 and 1332 as well as under the Civil Rights Act (42 U.S.C. 1983), Fair labor Standards Act. 29 USC 216(b) because the action arises under the Constitution and Federal statutes, involves civil rights and citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiff invokes this Court's pendent or supplemental jurisdiction with respect to his District of Columbia claims based on the statutes and common laws of the District of Columbia, including but not limited to DC Human Rights Act of 1977, as amended.

D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On February 22, 2006, Plaintiff initiated an informal complaint of discrimination. The Agency's EEO Counselor conducted a final interview and issued Plaintiff the notice of right to file a discrimination complaint. On April 6, 2006, Plaintiff timely filed a formal complaint of discrimination (GSA Case Number: 06-NCR-WP-AC-10) in the Office of Equal Employment Opportunity (EEO), National Capitol Region (NCR), GSA based on race (African), color (black), sex (male), religion (Muslim), and national origin (African). On April 7, Plaintiff filed a

request to amend and amended his complaint that same day. **Exhibit 1.** On April 13, the Agency's EEO Counselor issued her report titled EEO Counselor's Report, which is incorporated herein by reference and attached as **Exhibit 2.** On or about August 2006, Robert Walker, an Investigator, with F. & W. Associates, of Arlington, Virginia, who was hired by the Agency to investigate Plaintiff's complaint issued Report of Investigation, which is incorporated herein by reference and attached as **Exhibit 3**. On August 18, 2006, the Agency's EEO Counselor advised Plaintiff that investigation had been completed pursuant to 29 CFR 1614 on the allegations raised in his complaint of discrimination, which was filed on April6, 2006 and enclosed a Draft summery of the Report of Investigation for Plaintiff's review. The Agency's EEO Counselor's letter dated 8/18/06 is incorporated herein by reference and attached as **Exhibit 4.**  .On October 17, 2006, the Agency's EEO Counselor again advised Plaintiff in a letter that investigation had been completed under 29 CFR 1614 and sent him the Final Report of Investigation for his review, which includes a summary of the issues and delineates the evidence, and which was the Agency's Notice of Right to Final Action on Plaintiff's complaint. The Agency's EEO Counselor's letter dated 10/17/06 is incorporated herein by reference and attached as **Exhibit 5.**  180 days have passed since the dated of the Notice of Right to Final Action and a Final Action has not been taken.  Plaintiff, therefore, files this suit pursuant to 29 CFR 1614.407.

E.   VENUE

7.   Venue is proper in this judicial district because Plaintiff works for Defendant in

this District and all the events or violations that gave rise to Plaintiff's claims occurred in this district and/or jurisdiction.

## CAUSES OF ACTION

F.   <u>Count 1 - Discrimination under Title VII, 42 U.S.C. 1981, 1983 And DC Human Rights Act of 1977, as amended.</u>

8. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute. 42 U.S.C. §2000e (f).

9. Defendant is an employer within the meaning of Title VII. 42 U.S.C. §2000e(b).

10. Defendant intentionally discriminated against plaintiff because of his race, color, religion, sex, and national origin in violation of Title VII, as amended, 42 U.S.C. §2000e-2. Some of Defendant's discriminatory conducts are as follows:

11. Plaintiff was hired by the agency in May of 2003. On May 30, 2004, Plaintiff was promoted to the GS 11. Later in 2004, Plaintiff was converted from Program Analyst to Budget Analyst and was told that because of the New Series he will be trained on the modalities for budget analysis. Plaintiff was also told that he would be sent to a class to be certified as a Budget analyst.

12. Plaintiff duly completed the forms to take the certification class and gave them to Evelyn Smith for Barbara Sisco's signature. Smith returned the forms to Plaintiff and said that Barbara Sisco (hereinafter Sisco) refused to sign them because the Agency had no money. At this time all of Plaintiff's similarly situated colleagues had taken the classes or were taking them to

5

certify. On Plaintiff's Independent Development Plan, **IDP,** Sisco stated that Plaintiff would take the classes for certification as a Budget Analyst and gave him a signed copy of his IDP for his records.

13. From 2004 to date virtually all of Plaintiff's similarly situated counterparts have taken the certification classes and have been certified. In 2006, Human Resources Department of the Agency sent out a survey inquiring about the classes employees were taking and also the certifications they were getting to improve their proficiency and productivity. Plaintiff indicated on the survey form that he was not in the certification program since Sisco denied him the opportunity to attend. Surprisingly, Sisco changed Plaintiff's response from "no" to a "yes" and told Plaintiff to lie that he was taking the class when in fact he was not. Sisco's alteration of Plaintiff's response is incorporated herein by reference and attached as **Exhibit 6.**

14. Since May 2006 Plaintiff has received assignments from three supervisors namely Anthony Marable, Roland Caton and Barbara Sisco while his similarly situated colleagues had only one supervisor each and received their assignments from their respective supervisors only.

15. Plaintiff came to GSA in a Special Series GA 9, 11, and 12. Plaintiff was supposed to be promoted to GS-12 in May 2005 upon satisfactory performance. On May 3, 2005, Plaintiff's direct supervisor, Cynthia Cary gave him a satisfactory performance review adequate and suitable enough for his promotion to GS-12 but Sisco ignored Cary's recommendation, did her own and gave Plaintiff a negative review and refused to promote him because of her own negative review.

16. On July 7, 2005, Plaintiff sent a follow up email to Sisco for his promotion. On July 8, 2005, Sisco responded that she would set up a meeting the following week. A week later, Plaintiff met with Sisco. Despite the positive performance review by his own direct supervisor, Sisco told Plaintiff that he was not performing to expectation and again denied him promotion to GS-12.

17.     Plaintiff then went to the National Federation of Federal Employees, (hereinafter, the Union or NFFE) and filed a formal complaint. On or about September 7, 2005, the Union Representative, Robert O'Brycki, filed a written grievance for failure to promote on behalf of Plaintiff. Once Sisco realized that Plaintiff had filed a formal complaint, she promptly retaliated by placing Plaintiff on a Performance Improvement Notice (PIN) which required him to meet with Sisco every week for three months including on 12/05/05, 2/13/06, 2/16/06, 2/23/06, 2/27/06, 3/2/06, with its attendant harassment, intimidation and frustration until April, 5, 2006. Plaintiff was the only Budget Analyst placed on such PIN despite being the only Budget Analyst with a Master's Degree in Business Administration (MBA). No other Budget Analyst had a college degree.

18.     In March, 2006, Plaintiff researched and reviewed about twenty Rent Estimate Details with serial numbers DC 0018769, DC0018403, DC0057730, DC0057247, DC0066878, MD00119034, MD0019035, MD0019090, MD0061500, MD0062372, MD0077457, MD0073211, VA0019423, VA0060341, VA0060343, VA0073103 and VA0079821 and submitted them to Sisco with all necessary attachments including the OA. As part of Sisco's campaign of calumny against Plaintiff, consistent with her February 13 memorandum for Plaintiff, as further evidence of her discriminatory animus and in an effort to portray Plaintiff in bad light and thereby justify her continued PIN for Plaintiff and her failure to promote him, Sisco deliberately, knowingly and willfully altered the above listed Rent Estimate Details that Plaintiff submitted to her and on basis of her alterations queried Plaintiff as not having done them properly and/or not submitted requisite documentation and Occupational Agreement (OA). Plaintiff's said completed Rent Estimate Details submitted to Sisco are incorporated herein by reference and attached as **Exhibit 7.** Sisco's alterations and disparaging comments that they were not properly done and that documentations were not attached are incorporated herein by reference and attached as **Exhibit 8**. Dianah Small,

(Realty Specialist/Contracting Officer) 's email dated 02/27/06 to Plaintiff explaining the reason for the delay of the Rent Estimate Documents and thanking him for attaching the OA which Sisco lied that Plaintiff did not attach is incorporated herein by reference and attached as **Exhibit 9**.

19. On or about March 22, 2006, Plaintiff was diagnosed with job stress and a swollen appendix which caused him stomach pain. Plaintiff's Doctor sent a letter for him to be excused from work for further evaluation but Sisco denied him the sick leave. Plaintiff called his Union Rep Mr. O'Brycki and informed him. Mr. O'Brycki requested a meeting with Sisco and showed her a copy of Plaintiff's scheduled medical examination and, again requested that leave be granted to Plaintiff to undergo the recommended treatment but Sisco still refused and denied Plaintiff the sick leave for the second time.

20. Two weeks later Plaintiff came to work, was in pain and went to see the nurse in the building. The nurse checked his blood pressure and sugar and advised him to go to the emergency room immediately. Plaintiff requested the nurse to call and inform Sisco. The nurse called Sisco about five times and left messages for her about Plaintiff's health condition and the fact that he was in the emergency but Sisco did not reply any of the calls. Plaintiff gave the nurse one of his co-worker's phone (Donna Wells) to contact and inform her about his condition and whereabouts. The nurse called and Donna Wells came to the clinic, saw Plaintiff and she was advised of his health condition.

21. On the night of September 10, 2006, Plaintiff was taken to Fort Washington Emergency by his wife. The physician advised Plaintiff that he would not allow him to go to work on September 11, 2006. He prescribed pain medicine for Plaintiff. Plaintiff returned to work on September 12, 2006, explained to Sisco and gave her the physician's excuse duty. Despite the doctor's note, Sisco still instructed Plaintiff to come back to work or he is not going to be paid or be granted

leave. Sisco also reminded Plaintiff that there will be other consequences. So, despite doctor's advice, Plaintiff started work and was given an assignment to prepare Fund status for 129 Buildings for the entire year by close of Business that day. Plaintiff was the only Budget Analyst given such unreasonable deadline to complete such huge assignment.

22. Thursday December 14, 2006, was the Agency's Christmas Party and Plaintiff's other similarly situated counterparts paid $22 each for the party which was scheduled to start at 1 PM. Mr. Roland Caton, one of Plaintiff's three supervisors came to him and told him that he sent him email to submit Fund Status for November 2006 for 129 Buildings by close of business that day. Plaintiff requested that the deadline should be extended so that he would join his colleges at the party which he had paid for. Mr. Caton said flat NO. So, Plaintiff had to leave the party which he paid for and come back to work on the report which was never used because the meeting to submit the report scheduled on December 28, 2006 was cancelled because most associates were then on vacation at that time. Plaintiff was the only Budget Analyst deprived of the party by his/her supervisor ostensibly to submit Fund Status or meet any other deadline.

G. COUNT I1: RETALIATION UNDER TITLE VII,
42 USC 1981, 1983 AND DC HUMAN RIGHTS ACT, AS AMENDED

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22. Plaintiff's filing of grievance with the Union for failure to promote him to 12 was a protected activity under Title VII, as amended, 42 USC 1981, 1983 and DC Human Rights Act, as amended. The actions of Defendants alleged above constituted retaliation in violation of said statutes.

H. COUNT 111: HOSTILE WORK ENVIRONMENT UNDER
TITLE VII, 42 USC 1981, 1983 AND DC HUMAN RIGHTS ACT

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23.

25. Plaintiff's grievance of the failure to promote him to 12 and his opposition to Defendants' discriminatory PIN meetings and constant monitoring described above constituted protected activities under 42 U.S.C. 1981.

26. Through the actions described above, Defendants created a work environment so hostile and abusive that it altered the terms and conditions of Plaintiff's employment and affected his performance and productivity.

27. By creating and maintaining a hostile work environment in retaliation to Plaintiff's opposition to Defendants' racially discriminatory employment practices, Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., 42 USC 1981, 1983 and DC Human Rights Act, as amended.

## I.   SUMMARY OF UNDISPUTED FACTS

28. Since 2004, Plaintiff is the only Budget Analyst who has ever been under's Sisco's direct Supervision in addition to having two other supervisors.

29. Plaintiff is the only Budget Analyst who has been subjected to PIN for 15 months under Sisco despite satisfactory performance reviews by his direct supervisors.

30. Plaintiff is the only Budget Analyst that Sisco has denied sick leave since 2004.

31. Plaintiff is the only Budget Analyst with whom Sisco has held weekly PIN meetings since December 2005.

32. Plaintiff is the only Budget Analyst under Sisco that has a Master's Degree

(MBA). Yet, he is the only one under PIN for 15 months.

33. Plaintiff is the only employee in the Agency with MBA who is on GS-11 since May 30, 2004. There is no other GSA employee who has MBA and is on GS-11.

34. Plaintiff is the only Muslim among the 27 people that report to Sisco.

35. Since 2004 all the Budget Analysts have received more on the job training than Plaintiff. Plaintiff is the only Budget Analyst with the least on the job training. No other Budget Analyst has been denied as many classes and trainings as Plaintiff.

36. Plaintiff's health has deteriorated due to Sisco's discriminatory conduct as follows:

   a. On 06/09/06 his physician stated that he was treating for symptoms associated with stress.

   b. On 06/16/06 and 07/27/06, Plaintiff's physician wrote to Sisco about his worsening health condition and the necessity for treatment. Yet she denied him sick leave. As a result, Plaintiff had to take leave without pay in order to undergo needed medical treatment. Due to financial hardship Plaintiff had to withdraw $17,000 from his retirement account (TSP). As a penalty Plaintiff was not allowed to contribute to his retirement plan for 6 months.

   c. On 9/11/06, Fort Washington Hospital Emergency advised him not to go to work until 9/14/06. Contrary to his physician's advice, Sisco compelled him to work on 9/12/06 and he did so to the detriment of his health.

   d. On 09/18/06, the Agency's nurse advised him to see his physician for elevated blood pressure.

   e. On 01/04/07, Plaintiff's physician referred him to see a counselor. On

    3/08/07, Plaintiff saw Dr. Marcellus Cephas for psychological evaluation. On March 13, 2007, Dr. Cephas after examining Plaintiff again, and giving him prescriptions, recommended that he should not work for at least two weeks starting from March 15, 2007 and stated that "patient may need more time depending on progress." On April 14, 2007, Dr. Cephas prescribed depression medication for Plaintiff.

37. As a result of the foregoing discriminatory actions of Defendant toward and against Plaintiff, his wife, Juliana Conteh's health has equally been severely affected to the extent that she has developed high blood pressure and is now under the care of Dr. Mary Ellen Gallagher for hypertension. Dr. Gallagher's note dated March 2, 2007 is incorporated herein by reference and attached as **Exhibit 10.**

38. As a result of the impact of Defendant's discriminatory and retaliatory actions of Defendant coupled with the very hostile environment under which Plaintiff works daily, Plaintiff requested for a transfer to another Service delivery Team on March 5, 2007. On March 8, 2007, Defendant willfully refused to transfer Plaintiff despite the obvious reason to do so. On March 8, 2007, Defendant notified Plaintiff that he would not be able to delete email messages on his official GSA email account and thereafter denied Plaintiff access to his GSA email achieves. Plaintiff is the only Budget Analyst subject to this discriminatory and repressive measure.

          I. <u>Damages</u>

39. As a direct and proximate result of Defendant's conduct, plaintiff suffered the following injuries and damages.

a. Plaintiff has been denied a promotion to GS-12 since 2005, resulting in lost pay and benefits.

b. c.    Plaintiff has suffered damage to his pension or retirement benefits due to failure to promote and demotion.

c. Plaintiff suffered mental anguish and emotional distress in the form of job related stress, insomnia, hypertension, restlessness, sleeplessness as detailed in his medical records which are incorporated herein by reference and attached as **Exhibit 11.**

d. Plaintiff suffered physical illness as detailed in his medical records which are incorporated herein by reference and attached as **Exhibit 11.**

J.    Attorney Fees

40. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

K.    Prayer

41. For these reasons, plaintiff asks for judgment against Defendant for the following:

a. General, special, and declaratory damages as well as injunctive relief under 42 U.S.C. §2000e-5;

b. Costs of suit;

c. Prejudgment and post-judgment interests at the legal rate;

d. Reasonable attorney fees; and

e. All other relief both special and general at and in equity the court deems appropriate.

L.    Jury Demand

42. Plaintiff demands jury trial on all the issues triable by a jury.

Respectfully submitted,
ABDULAI CONTEH
By his attorneys,

_____
Obinna Duruji, Esq. DC #435048
Duruji Law Firm, PC
7600 Georgia Ave., NW, Suite 410
Washington, DC 20012
(202) 723-5789/Fax (202) 723-5790

## PLAINTIFF'S CERTIFICATION

I, Abdulai Conteh, hereby certify and declare under the pain and penalties of perjury that the factual allegations set forth in the Plaintiff's Original Complaint are true and correct to the best of my personal knowledge, information, and belief.

_____        Date: 4/27/2007
Abdulai Conteh

## CERTIFICATE OF SERVICE

I, Obinna Duruji, Esq., hereby certify that on April 27, 2007, a copy of the forgoing Plaintiff's Original Complaint was served on Lurita Doan, Administrator, GSA, 301 7th Street, SW, Washington, DC 20407-0001 and Sharon Roach, Regional Counsel, GSA, 7th & D Streets, SW, Suite 7048, Washington, DC 20407-0001 by CMRRR: 7006 0810 0001 5165 1092 and 7006 0810 0001 5165 1108 respectively.

_____
Obinna Duruji, Esq.

14

# *UNITED STATES DISTRICT COURT*
# *FOR THE DISTRICT OF COLUMBIA*

**ABDULAI CONTEH**

              Plaintiff(s)

              vs.    Civil Case No:07-cv-00786-RWR

**LURITA DOAN**

              Defendant(s)

## NOTICE REGARDING BULKY EXHIBIT

Pursuant to the procedures for filing documents electronically. This Notice serves as notification of bulky exhibits to the complaint has been filed in paper form in the Clerk's Office. It is available for public viewing and copying between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday.

                                           **NANCY MAYER-WHITTINGTON**

                                           Clerk

07-786
H
RWR

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS** ABDULAI CONTEH

**DEFENDANTS** LURITA DOAN ADMINISTRATOR, GSA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DURUJI LAW FIRM, PC
7600 Georgia Ave, NW, Ste 410
Washington, DC 20012

Case: 1:07-cv-00786
Assigned To : Roberts, Richard W.
Assign. Date : 4/30/2007
Description: EMPLOY DISCRIM.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII, 42 USC 1981, 1983 & DC Human Rights Act of 1977

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO   If yes, please complete related case form.

DATE 4/30/07   SIGNATURE OF ATTORNEY OF RECORD [signature]   JR

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

forms\js-44.wpd