UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Abdulai Conteh,<br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. General Services<br>Administration,<br>　　　　Defendant | Civil Action No.1:07-cv-00786 |

**ANSWER**

Defendant, Lurita A. Doan, Administrator, United States General Services Administration ("GSA"), through the undersigned answers the individually numbered paragraphs of Plaintiff's complaint as follows:

**FIRST DEFENSE**

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff failed to timely exhaust administrative remedies, including but not limited to his claim of discriminatory failure to promote in 2005.

**THIRD DEFENSE**

Defendant herein incorporates by reference, as if fully stated, all of the defenses previously stated and answers the numbered paragraphs of the Plaintiff's complaint as follows:

1. Defendant admits the allegations in the first sentence of this paragraph and admits that Plaintiff is a United States citizen, but Defendant lacks sufficient information to admit or deny the remaining allegations.

2. Defendant admits that Plaintiff's appointment with Defendant was effective on April 21, 2003, and that Plaintiff is presently a Budget Analyst, GS-0560-11. Defendant admits that Plaintiff had a temporary appointment with the Department of Housing and Urban Development beginning on August 15, 1999. Defendant denies any discriminatory conduct. The remainder of the allegations in the paragraph set forth jurisdictional allegations and legal conclusions, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

3. Defendant admits that Plaintiff was not promoted on May 31, 2005 and that Barbara Sisco was the Branch Chief, Metropolitan Services Center, General Services Administration and is now Deputy Director, Metropolitan Services Center, Public Buildings Service, General Services Administration. Defendant denies the remaining allegations.

4. Defendant admits that the GSA is an agency of the United States. Defendant denies the remaining allegations.

5. This paragraph sets forth jurisdictional allegations and legal conclusions, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

6. Defendant admits the allegations in the first, second, fifth, seventh, ninth, and eleventh sentence of this paragraph. Defendant admits that on April 6, 2006, Plaintiff filed a formal complaint alleging discrimination based on race (African American), Color (black),

National Origin (Africa), Sex (male), and Religion (Muslim) when he was harassed starting December 5, 2006 regarding his work performance and assignments; and that on April 7, 2007, Plaintiff requested to amend that complaint to include reprisal when he was denied sick leave on February 29, 2006 and denied his Alternative Work Schedule ("AWS") day on March 31, 2006. Defendant admits that Robert Walker, Investigator, with F&W Associates investigated Plaintiff's formal complaint of discrimination, and that, on August 18, 2006, Plaintiff was provided a copy of the draft report. The remaining sentences of this paragraph set forth legal conclusions, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

7.   Defendant admits that Plaintiff's duty station is located in the District of Columbia. The remaining allegations set forth in this paragraph are legal conclusions, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

## DISCRIMINATION

8.   This paragraph sets forth a jurisdictional allegation, not an averment of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

9.   Defendant admits the allegation set forth in this paragraph.

10.   Defendant denies any discriminatory conduct.

11.   Defendant admits that Plaintiff's appointment with Defendant was effective on April 21, 2003 and that plaintiff was promoted from GS-9 to GS-11 effective May 30, 2004. Defendant admits that in October 2004, Program Analysts in the Metropolitan Service Center, including the Plaintiff, were converted to Budget Analysts. Defendant admits that at his 2006

mid-year review, it was recommended that Plaintiff take three courses that were creditable towards his Financial Management Certification ("FMC"). Defendant denies the remaining allegations set forth in this paragraph.

12.  Defendant admits that in or about December 2004, Plaintiff submitted a request for training and that funding was not available to approve the request. Defendant lacks sufficient information to admit or deny the remaining allegations in the first two sentences of this paragraph. Defendant denies the allegations set forth in the third sentence of this paragraph. Defendant admits that in October 2004 and May 2006 Barbara Sisco approved an Independent Development Plan (IDP) submitted by the plaintiff with a goal of being certified on all aspects of the FMC and Budget Analyst and that Plaintiff was given a signed copy of his IDP. Defendant denies the remaining allegations set forth in the paragraph.

13.  Defendant admits that other associates in the Metropolitan Service Center have completed training creditable towards an FMC, that Plaintiff attended at least one course creditable towards his FMC, and that three associates have FMCs. Defendant admits that Plaintiff was asked to provide information on his FMC status and that he indicated on a questionnaire that he was not currently enrolled in a program to complete the FMC. This form was intended for Barbara Sisco's use. When Plaintiff provided the form to Barbara Sisco she believed that Plaintiff was enrolled in the FMC program and crossed out his response and wrote "yes" and the expected date of completion. Based on his representations to Ms. Sisco at that time, Plaintiff was ultimately recorded as not being in the FMC program in the results of the survey. Defendant denies that Barbara Sisco told Plaintiff to lie. The allegations in the last sentence are not averments of fact to which an answer is required. To the extent that a response

is deemed necessary, deny.

14. Defendant admits that Plaintiff has received assignments from his Team Leaders and from his supervisor, Barbara Sisco. Defendant denies the remaining allegations set forth in this paragraph.

15. Defendant admits that Plaintiff's appointment to Defendant was to a GS-0343-9 step 10 position with full performance level at GS-12. Defendant admits that Plaintiff was promoted to GS-11 effective May 30, 2004 and was first eligible for promotion to GS-12 on May 31, 2005. Defendant admits that, prior to meeting with Plaintiff for his mid-year review in May 2005, Barbara Sisco obtained input from Plaintiff's Team Leaders. Defendant admits that Cynthia Cary, was plaintiff's acting team leader for a short time and that her favorable comments were considered along with those unfavorable comments of the other Team Leaders-Carol Vance and Jacqueline Smith. Defendant denies the remaining allegations set forth in this paragraph.

16. Defendant admits that on July 7, 2005, Barbara Sisco received an e-mail message from plaintiff with a subject line "Promotion," which reminded her of a conversation in May about processing his promotion based on his performance and indicating that every assignment he had done and received good comments from Jackie [Smith]. Defendant admits that Barbara Sisco responded by e-mail dated July 8, 2005 relating that she would set up a meeting the next week to discuss her evaluation of whether Plaintiff is ready to be promoted to the GS-12 level. A meeting was held. Defendant admits that plaintiff was not promoted to GS-12. Defendant denies the remaining allegations set forth in this paragraph.

17. Defendant admits that a grievance, dated September 7, 2005, was filed by the National Federation of Federal Employees ("NFFE") alleging a violation of Article 14 (merit staffing) and Article 15 (performance appraisal systems) of the National Agreement between GSA and NFFE. Defendant denies that there was any retaliation against Plaintiff. Defendant admits that because Plaintiff received a level 2 rating on his annual performance appraisal on December 1, 2005 he was issued a Performance Improvement Notice ("PIN") on December 5, 2005 in accordance with Article 15 of the National Agreement. Defendant admits that, in accordance with Article 15 of the National Agreement, during this period, weekly meetings were held concerning Plaintiff's progress. Defendant denies engaging in harassment and intimidation. Defendant admits that, since implementation of a new performance rating system in 2004, the Plaintiff has been the only Budget Analyst under Barbara Sisco's supervision to receive a level 2 rating. Defendant admits that Plaintiff is the only Budget Analyst under Barbara Sisco's supervision with a Masters Degree in Business Administration and that the Plaintiff is one of four associates under her supervision with a college degree. Defendant denies the remaining allegations.

18. Defendant admits that, in or about March 2006, Plaintiff submitted Rent Estimate Details to Barbara Sisco for review. Defendant denies any false or malicious statements designed to injure Plaintiff's reputation. Defendant denies any discriminatory animus or effort to portray plaintiff in a "bad light." Defendant admits that, in her supervisory capacity, Barbara Sisco made notations on work assignments submitted by Plaintiff concerning matters that required additional explanation or examination. Defendant denies the remaining allegations set forth in this paragraph.

6

19. Defendant lacks sufficient knowledge to deny or admit the allegations in the first and third sentences of this paragraph. Defendant admits that, at about 5:21 pm on March 28, 2006, Plaintiff submitted a request to use 9 hours of sick leave on March 29, 2006, and that the request indicated in the "remarks" section that it was for "a second x-ray and other exam to be done." Defendant admits that Plaintiff's request was denied because he had not completed the Rent Estimate project that was due at the end of that week and that Plaintiff was instead granted 4.5 hours of annual leave in lieu of sick leave on March 29, 2006. Plaintiff did not have accrued sick leave at that time. Defendant admits that prior to the denial of Plaintiff's leave request for March 29, 2006, a meeting had already been scheduled involving Plaintiff, his union representative and Barbara Sisco. Defendant admits that, at that meeting, the nature of Plaintiff's infirmities were revealed. At that point, the switching of his AWS day was granted from March 31, 2006 to April 3, 2006. Defendant denies the remaining allegations in this paragraph.

20. Defendant admits that, in September 2006, Donna Wells reported to Barbara Sisco that she was contacted and told that the nurse was recommending that Plaintiff take an ambulance to a hospital and that Plaintiff refused. Defendant admits that Barbara Sisco received a message from the nurse on her voicemail and that she heard that message after having spoken with Ms. Wells about the matter. Donna Wells went looking for the Plaintiff to take him to the hospital, but was informed that he went in his own vehicle. Defendant denies the remaining allegations in this paragraph.

21. Defendant lacks sufficient knowledge to deny or admit the allegations set forth in the first three sentences in this paragraph. Defendant admits Plaintiff had been absent on leave for a period ending August 25, 2006 and that Plaintiff had not contacted his supervisor to request

additional leave as of September 8, 2006. On that date, his supervisor contacted him by telephone concerning this absence and the need for medical documentation. Defendant denies that medical documentation concerning being off work in September was provided to Defendant prior to September 12, 2006. Defendant denies that Plaintiff was required to work on September 12, 2006. Defendant admits that, when Barbara Sisco received the medical documentation on September 12, 2006, she indicated to plaintiff that it looked like he was not supposed to be working until September 14, 2006. Plaintiff indicated to her that he was fine and he would work. Defendant denies the remaining allegations set forth in this paragraph.

22.   Defendant admits that, on or about December 14, 2006, the Metropolitan Holiday party was held. Defendant admits that on December 12, 2006 the Plaintiff's team leader, Roland Caton, asked Plaintiff to provide him with the fund status analysis for fiscal year 2007 for A10 and A40 Fund Status Analysis by Building. On December 13, 2006, Mr. Caton again reminded plaintiff, via e-mail, that he needed the most current fund status analysis and to have the drafts e-mailed to him by the close of business that day. On December 14, 2006, plaintiff advised the team leader that he had not completed the fund status reports and that he had been out with the flu the previous day. Plaintiff indicated that he should be able to have the fund status reports to Mr. Caton by December 18, 2006 and asked if Mr. Caton would accept his request as he would like to join his colleagues at the Christmas Party. Defendant admits that Mr. Caton responded to plaintiff that he needed whatever drafts Plaintiff had done and to advise if he had not started the reports and would not have any ready by the end of the day. Defendant lacks sufficient knowledge to admit or deny the allegation that Plaintiff had to leave the party which he paid for to complete the report. Defendant denies the remaining allegations set forth in this paragraph.

## RETALIATION

23. The allegations in this paragraph set forth legal conclusions and not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny. Defendant denies that plaintiff was retaliated against for protected activity. Defendant incorporates by reference its responses to paragraphs 1 through 22.

## HOSTILE WORK ENVIRONMENT

24. Defendant incorporates by reference its answers to paragraphs 1 through 23 above.

25. The allegations in this paragraph are legal conclusions and not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

26. The allegations in this paragraph are legal conclusions and not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny. Defendant denies creating a hostile work environment.

27. The allegations in this paragraph are legal conclusions and not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

## SUMMARY OF UNDISPUTED FACTS

28. Defendant admits that Barbara Sisco supervises about 19 Budget Analysts including Plaintiff and that all Budget Analysts fall under Team Leaders. Defendant denies the remaining allegations set forth in this paragraph.

29. Defendant admits that Plaintiff was issued a PIN in December 2005, which ended in April 2006 and that he was issued a PIN in December 2006, which ended in April 2007. Defendant denies the remaining allegations in this paragraph.

30. Defendant admits that the majority of associates under Barbara Sisco's supervision have been asked to come into the office prior to or return to the office after a doctor or dentist appointment. They have been asked to switch their AWS days when needed to accomplish Division critical assignments and projects. Defendant denies the remaining allegations.

31. Defendant admits that, because Plaintiff received a level 2 rating on his annual performance appraisal on December 1, 2005, he was issued a PIN on December 5, 2005 in accordance with Article 15 of the National Agreement. Defendant admits that, in accordance with Article 15 of the National Agreement, during this period, weekly meetings are held concerning Plaintiff's progress. Defendant admits that since implementation of a new performance rating system in 2004, Plaintiff has been the only Budget Analyst, under Barbara Sisco's supervision, to receive a level 2 rating. Defendant denies the remaining allegations set forth in this paragraph.

32. Defendant admits the allegation set forth in the first sentence and admits that Plaintiff was issued a PIN in December 2005, which ended in April 2006 and that he was issued a PIN in December 2006 that ended in April 2007.

33. Defendant lacks sufficient knowledge to deny or admit the allegation set forth in this paragraph.

34. Defendant lacks sufficient knowledge to deny or admit the allegation set forth in this paragraph.

35. Defendant denies the allegation set forth in the first and second sentence of this paragraph. Defendant lacks sufficient knowledge to deny or admit the balance of the paragraph.

36. Defendant denies that any discriminatory conduct occurred. Defendant lacks sufficient knowledge to deny or admit that the Plaintiff's health has deteriorated.

    a. Defendant admits that a document reflecting the signature of Paul Bone, MD, states that he had been treating the Plaintiff for symptoms associated with stress.

    b. Defendant admits that a document reflecting the signature of Paul Bone, MD states that Dr. Bone has followed Plaintiff for symptoms associated with abdominal pains beginning in March 2006. The document states that the diagnostic approaches and possibilities were discussed with Plaintiff and will involve a CAT scan and possible Laparoscopic surgery. The document states that the Plaintiff felt somewhat stressed by the information and requested time off work to get these tests done including possible Laparoscopic surgery. Defendant admits that a letter, dated July 27, 2006, under the signature of Paul Bone, MD, states that Plaintiff continues to experience abdominal discomfort and that further studies are being performed to determine the exact cause of the symptoms. Defendant denies that Plaintiff was refused sick leave after providing proper medical documentation. Defendant admits that, because plaintiff exhausted his accrued sick leave in August 2006, he was approved leave without pay. Defendant lacks sufficient knowledge to admit or deny the allegations in the fourth or fifth sentence of this paragraph.

    c. Defendant admits that a document on letter head of Fort Washington Hospital states "off work till 9/14/2006." Defendant denies the remaining allegations set forth in this paragraph.

    d. Defendant admits that a document dated 9/18/06, signed by a Registered Nurse, states that Plaintiff had been advised that the nurse recommended that Plaintiff see his

11

physician as his blood pressure is elevated.

    e.    Defendant admits that a document under the heading of Paul A Bone, dated 1/4/07 states "counselor" and "RX=job stress." Defendant admits that a note under MRC Behavioral Healthcare Services letterhead, dated 3/13/07, indicates that the Plaintiff is under their care, currently receiving medications, and that "it is recommended that he does not work for at least two weeks starting 3-15-07," and states that "patient may need more time depending on progress." Defendant admits that a note under the MRC Behavioral Services caption, dated 3/13/07, states "paxil 10mg # 30."

    37.    Defendant denies any discriminatory conduct. Defendant lacks sufficient knowledge to either admit or deny the allegations regarding Plaintiff's spouse's health. Defendant admits that a document, dated March 2, 2007, reflects that Mrs. Juliana Conteh has been successfully treated with a small dose of Diovan since 2006. Defendant denies the remaining allegations set forth in this paragraph.

    38.    Defendant denies any discriminatory or retaliatory conduct and denies there was a hostile work environment. Defendant admits that in the course of proceedings before EEOC, Plaintiff's counsel requested that Plaintiff be transferred and that counsel was advised that Defendant did not know of another position to which to transfer Plaintiff. Defendant admits that it notified Plaintiff's counsel of measures that might impact the functions of Plaintiff's GSA e-mail account and that were taken to preserve evidence in this matter which could potentially result in litigation. Defendant denies that Plaintiff is the only employee to have such measures taken to protect email communications.

39. Defendant denies any discriminatory or retaliatory conduct.

   a. Defendant admits that Plaintiff was not promoted to GS-12 and that he did not receive pay or benefits at the GS-12 level. Defendant denies the remaining allegations in this paragraph.

   b. Defendant lacks sufficient knowledge by which to deny or admit the allegation set forth in this paragraph. Defendant denies the remaining allegations in this paragraph.

   c. Defendant denies any discriminatory or retaliatory conduct. Defendant denies the remaining allegations in this paragraph.

   d. Defendant admits that the documentation reflects that the Plaintiff was seen and treated for some illness. Defendant denies the remaining allegations in this paragraph. Defendant denies all other allegations of the complaint not hereinbefore otherwise answered.

40. This paragraph is Plaintiff's prayer for relief, to which no answer is necessary. To the extent an answer may be required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant further avers that any award of compensatory damages would be subject to that limited by 42 U.S.C. § 1981a.

41. This paragraph is Plaintiff's prayer for relief, to which no answer is necessary. To the extent an answer may be required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant further avers that any award of compensatory damages would be subject to that limited by 42 U.S.C. § 1981a.

42. This paragraph is Plaintiff's jury demand to which no answer is necessary.

WHEREFORE, the Defendant prays that the Court dismiss this action with prejudice, that Plaintiff take nothing by this action, for Defendant's costs herein, and for such other relief that the Court deems just and proper.

Dated: July 9, 2007

Respectfully Submitted,

/s/ Jeffrey A. Taylor /dvh
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /dvh
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____
Kenneth A. Adebonojo
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7157
kenneth.adebonojo@usdoj.gov