UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
*******************************
ABDULAI CONTEH              *
    Plaintiff               *
                            *
    V.                      *       C. A. NO. 1:07-cv-00786 (RWR/JMF)
                            *
LURITA A. DOAN,             *
ADMINISTRATOR, GSA          *
    Defendant               *
*******************************
```

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to FRCP 65(a) Plaintiff hereby moves the Court to grant this motion for preliminary injunction against defendant and to restrain and enjoin her from terminating Plaintiff's employment during this action.

**A. Introduction**

1.   Plaintiff worked for the Federal Government Department of Housing and Urban Development (HUD) for three (3) years prior to employment with Defendant. During his employment with HUD, Plaintiff garnered numerous awards for excellence 12 of which are attached as **Exhibit 1.**

2.   Plaintiff was employed by Defendant on April 21, 2003. Plaintiff filed this action for discrimination, retaliation and hostile work environment on April 30, 2007 and attached among others, **altered Exhibits 6, 7 and 9** to the complaint show Defendant's penchant to alter vital personnel record pertaining to Plaintiff and Plaintiff's work products in order to smear and depict him as not meeting the expected performance standard and use such altered documents as evidence to deny him merited promotion and

eventually to terminate him. A copy of the original **Exhibit 6** to the complaint which is Cisco's deposition **Exhibit 29B** is attached as **Exhibit 2**.

3.      On January 31, 2008, Ms. Cisco admitted under oath to have altered **Exhibits 6 and 7** attached to Plaintiff's complaint and could not adduce legitimate and non discriminatory reasons for doing so. Excerpts of her deposition will be filed.

4.      On February 22, 2008, during Plaintiff's deposition, Defendant's counsel tendered into record documents that defendant had not produced during discovery. Plaintiff's counsel raised objection, contacted the Court and Magistrate Judge Alan Kay ruled that deposition should stop until Plaintiff's counsel had had opportunity to review with his client all documents that defendant had not produced during discovery.

5.      When deposition resumed, defendant tendered several documents. Plaintiff examined them and determined that Exhibit C18 was altered. On the basis of that Plaintiff alleged suspected the following documents entered into his deposition record: C6, C9, C12, C13, C16, C17, C23, C25, C26 and C27 attached as **Exhibit 3**.

6.      Plaintiff's deposition **Exhibit C18** is an altered version of Ms. Cisco's deposition **Exhibits 21I and 40A** and is attached as **Exhibit 4.**

7. On February 25, 2008, Plaintiff, through counsel sent email to Defendant's counsel requesting supplemental responses to plaintiff's requests for production and requested to inspect, copy, test or sample electronically stored information from which the suspected Plaintiff's deposition exhibits were obtained. On March 12, 2008, Plaintiff sent another email and not only restated his requests but gave Defendant's attorney, Kenneth

Adebonojo, Esq., notice of intent to file motion to compel and sanctions against him and cited the pertinent case (Zubulake v. UBS Warburg, LLC, 229 F.R.D. 422 (S.D.N.Y. 2004) to him. The email thread is attached as **Exhibit 5.**

8.      On April 4, 2006, Ms. Sisco sent email to Plaintiff to stop all work related to the FY08 Rent Est. when Plaintiff was in BA 53 Team and Plaintiff obliged. Ms. Sisco's email is attached as **Exhibit 6**. Subsequently Plaintiff was moved to BA 61 Team which no longer dealt with Rent Est. and CPI List used for taxes. However, on March 6, 2008, Plaintiff received 3 emails from Ms. Sisco acknowledging receipt of his Rent Est. document, attached as **Exhibit 7**. On March 14, 2008, Plaintiff received email from Carol A. Vance, who is no longer working for Metropolitan Service Delivery Team, acknowledging receipt of his CPI List, attached as **Exhibit 8**.

9**.**      On March 4, 2008, during the post discovery status conference, Defendant agreed in Court to provide the requested documents on 03/07/08 and that those it could not send on 03/07/08, it would send on 03/10/08 to enable Plaintiff determine whether or not to file his intended motion to compel.

 10.    On March 7, 2008, Defendant sent Plaintiff a 12-page document as an an attachment, pages 1 and 7 of which were visibly altered and leaves no doubt that some of the information had been erased which is attached as **Exhibit 9**.

 9.     On March 12, 2008, Defendant sent email to Plaintiff with a total of 31-page documents which were not marked in any way to show their relationship with the exhibits that are suspected to have been altered or forged. Of the 31 pages, the first two designated as "Full thread1" were completely new documents that had not been provided before even

3

during Plaintiff's deposition and are attached as **Exhibit 10**. Of the 29 page "Full thread4", pages 7, 10, 11, 14, 17, 19 & 24 were completely new and had not been produced before. Defendant failed to explain the relationship of these new documents to the suspected Exhibits which are attached as **Exhibit 11**.

11.   On March 13, and 14, 2008, Plaintiff sent several emails to Defendant requesting original copies of the suspected exhibits to ascertain their authenticity arguing that the email copies were confusing and still doubtful given that two of them had been altered.

12.   Plaintiff did not receive the hard copies of these documents from Defendant until March 19, 2008. The hard copies were copies of the email threads and not originals of the alleged deposition exhibits listed above.

13.   On July 18, 2008, the Court held post mediation status conference during which the parties indicated their willingness to mediate the case further under a Black Robe effect. The Court ordered the case to be mediated by Magistrate Judge Facciola.

14.   On July 23, 2008, only 5 days later, Defendant willfully and contemptuously served Plaintiff Notice of Proposed Removal because of trumped up charges of unacceptable performance and gave him 15 calendar days to reply. The Notice is attached as **Exhibit 12.**

15.   On July 24, 2008, Plaintiff's counsel emailed Mr. Adebonojo the Notice of Proposed Removal and requested him to cause the notice to be withdrawn or rescinded on or before July 30, 2008. Duruji's email and Adebonojo's reply are attached as **Exhibit 13.**

16.   Plaintiff's Reply to the Notice of Proposed Removal is attached as **Exhibit 14** and Plaintiff's rebuttal evidence numbering **1-24** are attached as **Exhibit 15.**

17.     Plaintiff's Job Performance Appraisal Evaluation by Cynthia Cary, Acting BA 53 Team Leader dated May 3, 2005, Plaintiff's Notifications of Personnel Action dated May 30, 2004 congratulating him on his promotion and May 28, 2006 showing that his work is at an acceptable level of performance are attached as **Exhibit 16**.

18.     Plaintiff's lost income differential due to Defendant's failure to promote him since May 2005 is $80,376 and is attached as **Exhibit 17**.

## B. Argument

19.     **Grounds for Injunctive Relief**: Injunctive relief is authorized by general principles of equity and SCR Civ. 65(a). See eBay Inc. v. Mer. Exchange, LLC., 126 S.Ct. 1837, 1840 (2006). A party moving for injunctive relief must demonstrate the following equitable factors for granting injunctive relief: (1) irreparable injury, (2) no adequate remedy at law, (3) a likelihood of success on the merits, (4) the balance of hardship, and (5) the effect on the public interest. See *eBay Inc.*, 126 S.Ct. at 1839. (permanent injunction); Anton/Bauer, Inc., v. PAG, Ltd., 329 F.3d 1343, 1348 (Fed. Cir. 2003) (Preliminary injunction).

20.     Plaintiff seeks to enjoin Defendant and their agents, collaborators and representatives, **during this action**, from removing, terminating or otherwise tampering with his employment because such activity will irreparably infringe his rights, claims and equities in this case. In fact, Plaintiff's removal will unfairly prejudice the very controversy (case) before this Court as to Plaintiff claims for discrimination, retaliation and hostile work environment against Defendant.

21.     There is a substantial likelihood that Plaintiff will prevail on the merits based on the preponderance of credible record evidence and those attached here which include several forged or altered documents.

22.     If the court does not grant a preliminary injunction, Defendant will terminate Plaintiff which will unfairly prejudice him as well as undermine the very controversy that is (**subjudice**) before the Court.

23.     If the Court does not grant preliminary injunction, Defendant will terminate Plaintiff's employment and Plaintiff in turn will move the Court for leave to amend his complaint to include new causes of action including wrongful termination which in turn will alter the Court's docket, occasion delay and interfere with the smooth administration of justice.

24.     Plaintiff will suffer irreparable injury if the Court does not enjoin Defendant from terminating his employment and in particular, restrain and enjoin GSA from any act or conduct that will interfere with the terms and conditions of Plaintiff's employment **during this action** and while the case subsists and is still subjudice. *See* Performance Unlimited, Inc. v. Questar Publ'rs, Inc., 52 F.3d 1373, 1381 (6th Cir. 1995).

25.     Defendant will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction. On the contrary, the desire or plan to terminate him while this matter is subjudice is contemptuous of this Court. Defendant must be stopped from showing further disregard and contempt for this Court.

26.     Further, issuance of a preliminary injunction would not adversely affect the public interest. On the contrary, issuance of preliminary injunction will serve public interest and advance the rule of law because it will guide against such blatant impunity by other Defendants in the future to the over all interest of the civil society.

27.     Based on the record evidence, in particular, the evidence attached herein, including several willfully altered, Plaintiff asks the Court to dispense with hearing on this request for preliminary injunction and rule on it based on the record and pleadings of the parties because Plaintiff's counsel will be unavoidably absent from August 4, 2008 Plaintiff's counsel duly noticed the Court on July 18, 2008 in during the post mediation hearing.

### C.  Conclusion and Prayer

28.     Because termination will unfairly extinguish Plaintiff's income, federal employee tenure, health insurance, retirement benefits, and render him unable to cope with his financial obligations including without limitation his family needs, monthly mortgage and car payments as well as his ability to prosecute this case, Plaintiff asks the court to grant a preliminary injunction enjoining Defendant from terminating his employment during this action and in the interest of justice.

                                                                                  Respectfully submitted
                                                                                  Plaintiff

                                                                                  By his attorneys

        /s/ Obinna Duruji, Esq.
        Obinna Duruji, Esq. DC #435048
        Duruji Law Firm, PC
        7600 Georgia Ave. NW, Suite 217
        Washington, DC 20012
        Tel: 202 722-0961/Fax: 815 642-8070

**CERTIFICATE OF SERVICE**

I, Obinna Duruji, Esq., hereby certify that on August 3, 2008, a copy of the forgoing Motion for Preliminary Injunction was served on Kenneth A. Adebonojo, Esq., Defendant's counsel via his ECF registered email: Kenneth. Adebonojo@usdoj.gov.

        /s/Obinna Duruji, Esq.
        Obinna Duruji, Esq.

# NOTIFICATION OF PERSONNEL ACTION

of Personnel Management
296-33 Subch. 4

Exception to SF 50-
approved by GSA/IRMS 2-8

**1. Name** (Last, First, Middle): EH, ABDULAI
**2. Social Security Number:** 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
**3. Date of Birth:** 01/21/58
**4. Effective Date:** 03/26/00

## FIRST ACTION
- **5-A. Code:** 721
- **5-B. Nature of Action:** REASSIGNMENT
- **5-C. Code:** ZLM
- **5-D. Legal Authority:** SCHA5CFR213 3199
- **5-E. Code:**
- **5-F. Legal Authority:**

## SECOND ACTION
- **6-A. Code:**
- **6-B. Nature of Action:**
- **6-C. Code:**
- **6-D. Legal Authority:**
- **6-E. Code:**
- **6-F. Legal Authority:**

**7. FROM: Position Title and Number**
VOUCHER SPECLST
MN369101   MN3691

**15. TO: Position Title and Number**
VOUCHER SPECIALIST
RE017001   RE0170

| 8. Pay Plan | 9. Occ Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AD | | 00 | 00 | | | MG | 1101 | 09 | 03 | 44,741.00 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| 44,741.00 | .00 | | .00 | 37,667.00 | 7,074.00 | 44,741.00 | .00 |

**14. Name and Location of Position's Organization:**

**22. Name and Location of Position's Organization:**
HOUSING AND URBAN DEVELOPMENT
OMHAR

HU 83112501000000000   PP 09 2000

## EMPLOYEE DATA

**23. Veterans Preference:** 1 (1-None)
**24. Tenure:** 3
**25. Agency Use:**
**26. Veterans Preference for RIF:** YES [X] NO

**27. FEGLI:** C0 BASIC
**28. Annuitant Indicator:** 9 NOT APPLICABLE
**29. Pay Rate Determinant:** 0

**30. Retirement Plan:** K FERS AND FICA
**31. Service Comp Date (Leave):** 08/15/99
**32. Work Schedule:** F FULL TIME
**33. Part-Time Hours Per Biweekly Pay Period:**

## POSITION DATA

**34. Position Occupied:** 2 (2-Excepted Service)
**35. FLSA Category:** E (E-Exempt)
**36. Appropriation Code:**
**37. Bargaining Unit Status:** 8888

**38. Duty Station Code:** 11-0010-001
**39. Duty Station:** WASHINGTON  DIST OF COLUMBIA  DC

**40. AGENCY DATA:** | 41. | 42. | 43. | 44.

**45. Remarks:**
SALARY INCLUDES WGI FOR WHICH EMPLOYEE BECAME ELIGIBLE ON
SECTION 571 PL 105-65.

**46. Employing Department or Agency:** HOUSING AND URBAN DEVELOPMENT
**47. Agency Code:** HU 83
**48. Personnel Office ID:** 4400
**49. Approval Date:** 04/21/00

**50. Signature/Authentication and Title of Approving Official:**
BARBARA J. EDWARDS
DIRECTOR OFFICE OF HUMAN RESOURCES

TURN OVER FOR IMPORTANT INFORMATION
5-Part 50-316
1 - Employee Copy - Keep for Future Reference
Editions Prior to 7/91 Are Not Usable After 6/30/9
NSN 7540-01-333-623

HU 83112501000000000   PP 09 1*2000*BATCH 44006636 000-00 202-25 AG/EO 83-4400

#34 A

Standard Form 50-B
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

Exception to SF 50-B approved by GSA/IRMS 2-87

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| CONTEH, ABDULAI | 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 | 01/21/58 | 05/25/00 |

| FIRST ACTION | SECOND ACTION |
|---|---|
| 5-A. Code: 877   5-B. Nature of Action: SPECIAL ACT OR SERVICE AWARD | 6-A. Code   6-B. Nature of Action |
| 5-C. Code: V3G   5-D. Legal Authority: 5 USC 4503 | 6-C. Code   6-D. Legal Authority |
| 5-E. Code   5-F. Legal Authority | 6-E. Code   6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
|  | VOUCHER SPECIALIST<br>RE017001    RE0170 |

| 8. Pay Plan | 9. Occ Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  | 750.00 |  |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
|  | .00 |  | .00 |  | .00 |  | .00 |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
|  | HOUSING AND URBAN DEVELOPMENT<br>OMHAR<br><br>HU 83112501000000000    PP 11 2000 |

## EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1  1-None  3-10 Point/Disability  5-10 Point/Other<br>   2-5 Point.  4-10 Point/Compensable  6-10 Point/Compensable/30% | 3  0-None  2-Conditional<br>   1-Permanent  3-Indefinite |  | YES   X NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C0  BASIC | 9  NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K  FERS AND FICA | 08/15/99 | F  FULL TIME |  |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 2  1-Competitive Service  3-SES General<br>   2-Excepted Service  4-SES Career Reserved | E  E-Exempt<br>   N-Nonexempt |  | 8888 |

| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON   DIST OF COLUMBIA   DC |

| 40. AGENCY DATA | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
|  |  |  |  |  |

45. Remarks

SPECIAL ACT OR SERVICE AWARD (GENERAL SCHEDULE/AND WAGE GRADE)
SALARY BLOCK CONTAINS CASH AWARD AMOUNT.

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| HOUSING AND URBAN DEVELOPMENT | BARBARA J. EDWARDS<br>DIRECTOR OFFICE OF HUMAN RESOURCES |
| 47. Agency Code: HU 83   48. Personnel Office ID: 4400   49. Approval Date: 05/23/00 |  |

TURN OVER FOR IMPORTANT INFORMATION
5-Part   50-316        1 - Employee Copy - Keep for Future Reference

Editions Prior to 7/91 Are Not Usable After 6/3
NSN 7540-01-333

HU 83112501000000000   PP 11 1*2000*BATCH 44005502 000-00 200-42 AG/EO 83-4



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, D.C. 20410-8000

OFFICE OF MULTIFAMILY HOUSING ASSISTANCE RESTRUCTURING

June 13, 2000

MEMORANDUM FOR Abdulai Conteh

FROM: Kurt G. Hahn
   Director, Budget and Vouchers Division

SUBJECT: Short-Term Achievement Award

    It is my pleasure to inform you that you have received a Short-Term Achievement Award. This award recognizes your dedication and creativity and the significant contributions you made during the last four months to eliminating the backlog of Participating Administrative Entities (PAE's) vouchers pending payment. Your efforts have enabled OMHAR to implement a system in which the PAE's are paid within 30 days of receipt of a proper invoice, and contribute significantly to the success of the Mark to Market program.

    Congratulations and thank you for a job well done.

# Performance Accountability and Communication System
# Summary Rating Form

## Employee Information

| | |
|---|---|
| **Employee Name** <br> CONTEH, Abdulai | **Title/Series/Grade** <br> Voucher Specialist/1101/9 |
| **Office/Code** <br> OMHAR, YA | **Rating Period** <br> 2/1/00 - 9/30/00 |

## Planning Discussion | Progress Review

| Planning Discussion | Progress Review |
|---|---|
| Rating Official Signature/Date *[signed]* 5/8/2000 | Rating Official Signature/Date *[signed]* 7/18/2000 |
| Employee Signature/Date *[signed]* 5/8/2000 | Employee Signature/Date *[signed]* 7/18/2000 |

### Comments (Optional)

## Rating

| Check If Applicable | Critical Elements | Progress Review S | Progress Review U | Final Rating S | Final Rating U |
|---|---|---|---|---|---|
| | **Departmental Goals and Objectives** | | | | |
| | Fighting for Fair Housing | | | | |
| X | Increasing Affordable Housing and Homeownership | X | | X | |
| | Reducing Homelessness | | | | |
| | Promoting Jobs and Economic Opportunities | | | | |
| | Empowering People and Communities | | | | |
| | Restoring the Public Trust | | | | |
| | **Management** | | | | |
| | **Team HUD** | | | | |

## Summary Rating

☒ Successful     ☐ Unsatisfactory

Rating Official Signature/Date: *Michelle K. Pavell* 10/03/00

Reviewing Official Signature/Date (Required for Unsatisfactory):

## Acknowledgment

My signature on this form does not imply agreement or disagreement with the rating received.

Employee Signature/Date: *[signed]* 10/3/2000

form HUD-8058.2 (2/2000)

| Critical Element: Fighting for Fair Housing |||
|---|---|---|
| Contributes to Business Operating/Local Action Plans so that strategic goals for organization are substantially met. |||
| Performance Objectives | Required Resources | Due Date |
|  |  |  |

| Critical Element: Increasing Affordable Housing and Homeownership |||
|---|---|---|
| Contributes to Business Operating/Local Action Plans so that strategic goals for organization are substantially met. |||
| Performance Objectives | Required Resources | Due Date |
| The following activities are performed so that PAE's are paid within 30 days of receipt of a proper invoice by the OMHAR Regional Office: | Timely input from Regional Office Staff | Ongoing |
| • Enter and update data in the Integrated Invoice Tracking System | Input from Regional Office and Cash Management Staff | Ongoing |
| • Check vouchers for consistency with Operating Procedures Guide and Portfolio Restructuring Agreements, resolve discrepancies as required | Access to OPG and PRA's | Ongoing |
| • Enter voucher payment in CCARS and forward invoices to Cash Management Office |  | Ongoing |
| • Inform PAE and Regional Office staff of voucher payment |  | Ongoing |
| Review and pay vouchers for ITA and OTAG grantees and prepare monthly expenditure reports. |  | Monthly |
|  | As needed | As required |
| Other duties as assigned |  |  |

| Critical Element: Reducing Homelessness |||
|---|---|---|
| Contributes to Business Operating/Local Action Plans so that strategic goals for organization are substantially met. |||
| Performance Objectives | Required Resources | Due Date |
|  |  |  |

| Critical Element: Promoting Jobs and Economic Opportunities |||
|---|---|---|
| Contributes to Business Operating/Local Action Plans so that strategic goals for organization are substantially met. |||
| Performance Objectives | Required Resources | Due Date |
|  |  |  |

| Critical Element: Empowering People and Communities |||
|---|---|---|
| Contributes to Business Operating/Local Action Plans so that strategic goals for organization are substantially met. |||
| Performance Objectives | Required Resources | Due Date |
|  |  |  |

## Critical Element: Restoring the Public Trust

Focuses on making HUD's programs and people more efficient and accountable.

| Performance Objectives | Required Resources | Due Date |
|---|---|---|
|  |  |  |

## Critical Element: Management

Ensures effective use of human resources within a positive work environment. Complies with performance appraisal system, including constructive feedback. Demonstrates sensitivity to EEO, affirmative employment, and the values of cultural diversity. Establishes realistic work objectives and priorities. Makes prudent, effective, and accountable use of organization's financial resources.

| Performance Objectives | Required Resources | Due Date |
|---|---|---|
|  |  |  |

## Critical Element: Team HUD

Coordinates and collaborates across disciplines to enhance the overall effectiveness of organizations.

| Performance Objectives | Required Resources | Due Date |
|---|---|---|
|  |  |  |

## Standard for Successful Performance: Departmental Goals/Team HUD

Performance consistently demonstrates the following characteristics on a routine and regular basis. Failure to meet the standard is the exception rather than the rule.

| | | |
|---|---|---|
| Workload Management | · Meets deadlines on priority assignments. Delays are generally caused by factors outside manager/supervisor's control.<br>· Completes routine assignments by established due date or requests extension.<br>· Continues to make progress toward completing other assigned, lower priority work. | |
| Quality of Work | · Exhibits an understanding of and support for organizational objectives.<br>· Work products are complete, thorough, and comply with established policies and procedures. | |
| Customer Service | · Treats all customers, internal and external, with respect and courtesy.<br>· Provides accurate advice and guidance to internal and external customers.<br>· Is resourceful in providing options and alternatives.<br>· Coordinates with all affected parties to establish realistic goals and time frames.<br>· Responds promptly to telephone calls, e-mail messages, inquiries, and requests for assistance. | |
| Communication | · Written products are clear, complete, organized, responsive, and accurately reflect program policies and procedures.<br>· Oral communications provide understandable information to staff, clients, and the general public.<br>· Responses, both oral and written, are provided within established time frames.<br>· Brings issues or conflicts with staff or clients to the supervisor's attention promptly. | |
| Team Work | · Shares expertise and provides information, suggestions, and recommendations to enhance the overall performance of the team.<br>· Delivers on commitments to other team members in a timely manner.<br>· Consistently assists in resolving cross-program issues. | |
| Problem Solving | · Anticipates and resolves normal problems.<br>· Develops, evaluates, and advocates alternatives to resolve problems.<br>· Involves higher management as appropriate.<br>· Monitors assigned program areas with sufficient frequency to identify potential problems. | |

Standard Form 50-B
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| CONTEH, ABDULAI | 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 | 01/21/58 | 08/27/00 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 702 | PROMOTION | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| N6M | REG 335.102 CAR PROM | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| VOUCHER SPECIALIST RE017001 RE0170 | VOUCHER SPECIALIST RE021802 RE0218 |

| 8. Pay Plan | 9. Occ Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 09 | 03 | 44,741.00 | PA | MG | 1101 | 11 | 01 | 50,749.00 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| 37,667.00 | 7,074.00 | 44,741.00 | .00 | 42,725.00 | 8,024.00 | 50,749.00 | .00 |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| | HOUSING AND URBAN DEVELOPMENT OMHAR<br><br>HU 83112501000000000  PP 18 2000 |

### EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1 (1-None, 2-5 Point, 3-10 Point/Disability, 4-10 Point/Compensable, 5-10 Point/Other, 6-10 Point/Compensable/30%) | 3 (0-None, 1-Permanent, 2-Conditional, 3-Indefinite) | | YES / X NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C0 BASIC | 9 NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K FERS AND FICA | 08/15/99 | F FULL TIME | |

### POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 2 (1-Competitive Service, 2-Excepted Service, 3-SES General, 4-SES Career Reserved) | E (E-Exempt, N-Nonexempt) | | 8888 |

| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON   DIST OF COLUMBIA   DC |

| 40. AGENCY DATA | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

**45. Remarks**

POSITION IS AT THE FULL PERFORMANCE LEVEL.

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| HOUSING AND URBAN DEVELOPMENT | BARBARA J. EDWARDS<br>DIRECTOR OFFICE OF HUMAN RESOURCES |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date |
|---|---|---|
| HU 83 | 4400 | 08/09/00 |

TURN OVER FOR IMPORTANT INFORMATION
5-Part 50-316         1 - Employee Copy - Keep for Future Reference

Editions Prior to 7/91 Are Not Usable After 6/30
NSN 7540-01-333-6...

HU 83112501000000000      PP 18 1*2000*BATCH 44005572 000-00 201-06 AG/EO 83-4400

Standard Form 50-B
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

**NOTIFICATION OF PERSONNEL ACTION**

Exception to SF 50-I approved by GSA/IRMS 2-8

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| CONTEH, ABDULAI | 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 | 01/21/58 | 06/17/01 |

**FIRST ACTION**

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 846 | INDIVIDUAL TIME-OFF AWARD |

| 5-C. Code | 5-D. Legal Authority |
|---|---|
| | |

| 5-E. Code | 5-F. Legal Authority |
|---|---|
| | |

**SECOND ACTION**

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |

| 6-C. Code | 6-D. Legal Authority |
|---|---|
| | |

| 6-E. Code | 6-F. Legal Authority |
|---|---|
| | |

7. FROM: Position Title and Number

15. TO: Position Title and Number
VOUCHER SPECIALIST
RE021802    RE0218

| 8. Pay Plan | 9. Occ Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 8.00 | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | .00 | | .00 | | .00 | | .00 |

14. Name and Location of Position's Organization

22. Name and Location of Position's Organization
HOUSING AND URBAN DEVELOPMENT
OMHAR

HU 83112501000000000    PP 12 2001

**EMPLOYEE DATA**

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1  1-None  3-10 Point/Disability  5-10 Point/Other    2-5 Point.  4-10 Point/Compensable  6-10 Point/Compensable/30% | 3  0-None  2-Conditional    1-Permanent  3-Indefinite | | YES  X NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C0  BASIC | 9  NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K  FERS AND FICA | 08/15/99 | F  FULL TIME | |

**POSITION DATA**

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 2  1-Competitive Service  3-SES General    2-Excepted Service  4-SES Career Reserved | E  E-Exempt  N-Nonexempt | | 8888 |

| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON    DIST OF COLUMBIA    DC |

| 40. AGENCY DATA | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

45. Remarks

TIME-OFF AWARD HOURS SHOWN IN BLOCK 20
AWARD HOURS MUST BE USED WITHIN 1 YEAR

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| HOUSING AND URBAN DEVELOPMENT | |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | ANGELA M. WILMER |
|---|---|---|---|
| HU 83 | 4400 | 06/15/01 | DIRECTOR OFFICE OF HUMAN RESOURCES |

TURN OVER FOR IMPORTANT INFORMATION
5-Part 50-316
1 - Employee Copy - Keep for Future Reference

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

HU 83112501000000000    PP 12 1*2001*BATCH 44005582 000-00 200-76 AG/EO 83-4400

Standard Form 50-B
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

Exception to SF 50-B approved by GSA/IRMS 2-87

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| CONTEH, ABDULAI | 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 | 01/21/58 | 10/17/01 |

## FIRST ACTION

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 760 | EXT OF APPT NTE 10/23/01 |

| 5-C. Code | 5-D. Legal Authority |
|---|---|
| ZLM | SCH A 5CFR 213 3199B |

| 5-E. Code | 5-F. Legal Authority |
|---|---|
|  |  |

## SECOND ACTION

| 6-A. Code | 6-B. Nature of Action |
|---|---|
|  |  |

| 6-C. Code | 6-D. Legal Authority |
|---|---|
|  |  |

| 6-E. Code | 6-F. Legal Authority |
|---|---|
|  |  |

**7. FROM: Position Title and Number**

**15. TO: Position Title and Number**
VOUCHER SPECIALIST
RE021802  RE0218

| 8. Pay Plan | 9. Occ Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  | MG | 1101 | 11 | 02 | 54,437.00 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
|  | .00 |  | .00 | 45,830.00 | 8,607.00 | 54,437.00 | .00 |

**14. Name and Location of Position's Organization**

**22. Name and Location of Position's Organization**
HOUSING AND URBAN DEVELOPMENT
OMHAR

HU 83112501000000000   PP 21 2001

## EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1 - 1-None  2-5 Point.  3-10 Point/Disability  4-10 Point/Compensable  5-10 Point/Other  6-10 Point/Compensable/30% | 3 - 0-None  1-Permanent  2-Conditional  3-Indefinite |  | YES  X NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C0  BASIC | 9  NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K  FERS AND FICA | 08/15/99 | F  FULL TIME |  |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 2 - 1-Competitive Service  2-Excepted Service  3-SES General  4-SES Career Reserved | E - E-Exempt  N-Nonexempt |  | 8888 |

| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON  DIST OF COLUMBIA  DC |

| 40. AGENCY DATA | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
|  |  |  |  |  |

**45. Remarks**
EXTENSION OF APPOINTMENT BASED ON P.L. 107-48 DATED 10/12/01 (CR HJRES 68)

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| HOUSING AND URBAN DEVELOPMENT | ANGELA M. WILMER |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | DIRECTOR OFFICE OF HUMAN RESOURCES |
|---|---|---|---|
| HU 83 | 4400 | 10/18/01 |  |

TURN OVER FOR IMPORTANT INFORMATION
5-Part  50-316
1 - Employee Copy - Keep for Future Reference
Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

HU 83112501000000000   PP 21 1*2001*BATCH 44005588 000-00 207-25 AG/EO 83-4400

# NOTIFICATION OF PERSONNEL ACTION

approved by GSA/IRMS 2-87

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| CONTEH, ABDUL T | 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 | 01/21/58 | 01/11/02 |

## FIRST ACTION

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 571 | CONV TO EXC APPT NTE 09/30/04 |
| 5-C. Code | 5-D. Legal Authority |
| ZLM | PL 107 116DTD011002 |
| 5-E. Code | 5-F. Legal Authority |
| | |

## SECOND ACTION

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |
| 6-C. Code | 6-D. Legal Authority |
| | |
| 6-E. Code | 6-F. Legal Authority |
| | |

**7. FROM: Position Title and Number**

**15. TO: Position Title and Number**
VOUCHER SPECIALIST
RE021802    RE0218

| 8. Pay Plan | 9. Occ Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | MG | 1101 | 11 | 02 | 54,437.00 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | .00 | | .00 | 45,830.00 | 8,607.00 | 54,437.00 | .00 |

**14. Name and Location of Position's Organization**
HOUSING AND URBAN DEVELOPMENT
OMHAR

**22. Name and Location of Position's Organization**
HOUSING AND URBAN DEVELOPMENT
HSNG

HU 83111325000000000    PP 01 2002

## EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1  1-None  3-10 Point/Disability  5-10 Point/Other  2-5 Point  4-10 Point/Compensable  6-10 Point/Compensable/30% | 3  0-None  2-Conditional  1-Permanent  3-Indefinite | | YES  X NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C0 BASIC | 9 NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K FERS AND FICA | 08/15/99 | F FULL TIME | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 2  1-Competitive Service  3-SES General  2-Excepted Service  4-SES Career Reserved | E  E-Exempt  N-Nonexempt | | 8888 |

| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON  DIST OF COLUMBIA  DC |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

**45. Remarks**
REASON FOR TEMPORARY APPOINTMENT:

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| HOUSING AND URBAN DEVELOPMENT | ANGELA M. WILMER |
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | DIRECTOR OFFICE OF HUMAN RESOURCES |
| HU 83 | 4400 | 01/28/02 | |

TURN OVER FOR IMPORTANT INFORMATION    1 - Employee Copy - Keep for Future Reference
5-Part  50-316    Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

U 83111325000000000    PP 01 1*2002*BATCH 44005550 000-00 499-88 AG/EO 83-4400

U.S. Department of Housing and Urban Development

# OMHAR Certificate of Excellence

Presented to

## Abdulai Conteh

**Headquarters**

*I*n recognition of your dedication, commitment and excellence in providing services and support to the Office of Multifamily Housing Assistance Restructuring.



June 2001

Ira G. Peppercorn
Director
Office of Multifamily Housing Assistance Restructuring

U.S. Department of Housing and Urban Development

# OMHAR Certificate of Appreciation

*Presented to*

## Adbulai Conteh

**Headquarters**

*T*o thank you for a job well done and in appreciation
for your enthusiasm and spirit.
Your service to the Office of Multifamily Housing Assistance Restructuring
has contributed to the fulfillment of its important mission – the preservation of affordable
housing and savings to the American taxpayers. We are grateful for your ongoing
commitment to excellence and teamwork that has allowed us to achieve these worthy goals.



**Paige Warren**
Deputy Director for Production
Office of Multifamily Housing Assistance Restructuring

May 2002

**Barbara Chiapella**
Acting Director
Office of Multifamily Housing Assistance Restructuring