Notice of proposed Removal of Mr. Conteh in the Middle of Litigation - Yahoo! Mail      Page 1 of 1

Case 1:07-cv-00786-RWR      Document 22      Filed 08/03/2008      Page 1 of 1



**Notice of proposed Removal of Mr. Conteh in the Middle of Litigation**      Thursday, July 24, 2008 5:45 PM

From: "obinna duruji" <oduruji@yahoo.com>
To: "Kenneth Adebonojo" <kenneth.adebonojo@usdoj.gov>
Cc: oduruji@yahoo.com
Bcc: "Abdul Conteh" <aconteh21@yahoo.com>

Mr. Adebonojo:

On 7/23/08, Karen E. Smith, (Supervisory Program Analyst, Metropolitan Service Center (WPD) who reports directly to Ms. Sisco) issued a 9 page Notice of Proposed Removal to Mr. Conteh recanting baseless or concocted allegations dating back to December 4, 2006 to the present and gave him 15 days to show cause why he should not be terminated.

Now, you know and should know that this is continuing retaliatory harassment especially considering that most of these allegations had been addressed previously and proven to be false in the presence of Union reps. This rekindled intimidation aggravates existing hostile work environment and compounds Plaintiff's case against GSA for discrimination, retaliation and hostile work environment.

Please withdraw or cause this Notice of Proposed Removal to be withdrawn, rescinded or quashed on or before 7/3/08. If it's not rescinded by 7/30/08, Plaintiff will file apprpriate motions in Court to enjoin GSA and/or to quash the Removal Notice and seek costs, attorney's fees and sanctions against both you and your client. I hope that you will not allow the situation to get to that point.

Please call me if you have any questions or wish to discuss this matter further.


Thank you.




Obinna Duruji, Esq.  DURUJI LAW FIRM, PC  Attorneys & Counselors at Law  7600 Georgia Avenue, NW, Suite 217  Washington, DC 20012  Toll Free: 1-800-659-8059  Local Tel: 202-722-0961  Facsimile: 815-642-8070  www.durujilaw.com  Email: obi@durujilaw.com

**Conteh's Rebuttal to Allegations in Notice of Proposed Removal
And Request that the Notice be Rescinded**

1.      Paragraphs 1, 2 and 3 refers. On 11/28/07, Karen Smith who I had only worked
with for approximately 2 months issued me a PIP while on 09/28/2007, the same Ms.
Smith, (before she was briefed to get rid of me by Ms. Cisco), gave me an award for my
outstanding work. See Attachment 1 which contradicts her allegations in the PIP of
11/28/07.

2.      On page one paragraph 3of the Notice, Ms. Smith indicated that I failed critical
elements 3 and 4. This is strange because I had only worked for her barely 2 months and
this allegation contradicts her assessment of me on 09/28/07 when she gave me an award
for my outstanding work. How could I have gone from outstanding work on 09/28/07 to
failure of critical elements 3 and 4 on 11/28/07?

On 12/4/2007, my union Representative Mr. O' brycki requested a meeting regarding the
false allegations in the 11/28/07 PIP. See Attachment 2.

Ms. Smith cancelled most of the meetings scheduled to discuss her allegations in the PIP.
See Attachments 3, 4 and 5.

On 01/30 / 2008, Mr. O'brycki sent an email proposing to meet with Ms. Smith and told
her how anxious I was to demonstrate my skills and to prove that the PIP allegations are
false. On the same day, Ms. Smith cancelled the meeting proposed for 02/05/2008. See
Attachment 6.

On 02/05/2008, we met at GSA's conference room. The attendees from GSA
Managentment were Karen Smith, Anthony Marble and Roland Caton. I was represented
by Latoya Bell and Robert O'brycki from the Union.

Ms. Smith indicated to my union representatives that she want me to process pegasys
documents in the presence of all there, to show the union my weaknesses in questions. I
processed all the documents that she assigned to me and also corrected documents that
were processed by my colleagues without any error and to their utter amazement. She
stated that I did very well. Anthony Marable, my team leader also confirmed the accuracy
of my work.

Since that 02/05/08, I was not given any training as mandated by the MOU with the
Union Agreement for any one who is on a PIP. Since that performance meeting, Ms.
Karen Smith didn't schedule anymore meeting. Ms. Smith and Mr. Marable's affirmation
of my work as accurate negated the PIP. Their failure to provide the mandatory training
for any person on a PIP underscored the fact that the PIP lacked merit.

Surprisingly, on July 23, 2008, the same Ms. Smith issued me a Notice of Proposed
Removal based on false information and allegations.

Page 2 Critical Element 3.

The numbers I used for the Fund Status were based on the Federal Management Information system (FMIS). The 2.2 M WPD received was not communicated to me by Roland Caton. Metropolitan Service Delivery Team does not have a budget. The Federal Government as a whole was on a 'continued resolution' since we closed our books in September 30, 2007.

For the record, BA 61 Team did not prepare Fund Status in the month of December because the FMIS do not usually have accurate numbers in December because the income section is sometimes zero due to closure of books on September 30 of each year. See Attachment 7.

Page 4 January 2008 Exhibit 8.
    (a.) Roland Caton apologized for his mistake in thinking that I should have used 217. I used 262, which Mr. Caton later confirmed to be correct and apologized in presence of my Union Representatives Ms. Bell and Mr. O'brycki. See Attachment 7.

(b) The anticipated income figure had not given to me by Mr. Caton at the time of my initial report. So, my report was based on FMIS numbers. My recollection is that I received the anticipated obligation on 01/09/2008 and not income. See Attachment 7.

(c) See response to (b) above. See Attachment 7.

(d) This was the information given to me by the Contracting Officer, (CO), Joe Deniero. He is the CO and I had no reason to doubt his numbers. So I used the information that he provided.

(e) Per conversation with the CO, I did not post the $1.9 million because the option year had not started as confirmed by Mr. Caton's email on 01/23 /2008 which cautioned to "double check with CO: has the option year started?" There are several buildings at FDA viz: White Oak MD0334ZZ, MD0709ZZ, MD0765ZZ, MD0804ZZ to name a few. See Attachment 8.

(f) See response to e above. See Attachment 8.

(g) My lump action amount is the same $14,679.00 which Mr. Caton affirmed to be correct. So, his remark is unclear and merely calculated to cast aspersion which is the target of the entire notice allegations.

(h) My remarks are accurate per the CO, Mr. Deniero. The option year at the time of my report had not been posted which caused the variance. See Attachment 8.

PAGE 5

3. February 20 2008

On 02/07/2008, Mr. Caton sent us a friendly reminder asking us to prepare our Fund Status by 02/19/08. See Attachment 9.

On numerous times I asked for the anticipated obligation and Caton promised to send it to us. Caton told us to use estimates of the previous formula as he had earlier advised. I did not know that it was a set up against me.

On 2/20 /2008 I sent my Fund Status to Caton, Marable and Smith. I verbally told Mr Caton that I had sent my draft Fund Status to him in the morning of that day. Mr. Caton immediately sent me the numbers after that conversation and apologized for delaying the numbers. See Attachments 10 and 11.

However, Caton indicated that my numbers are close to his numbers even though I used FMIS and a routine formula that had been used in the past. The purpose of Fund Status is to track allocated fund and expenditure. So, being close is good enough because it is a daily activity.   See Attachment 12.


Page 6: CRITICAL ELEMENT 6 PEGASYS SUPPORT.

(1) The allegation is untrue. I signed for 23 and processed 23 documents.  See Attachment 13.

(b) On 12/05/2007, I processed only one document (PJN03451). I did not process PJ8N00105. See Attachment 13.

(c) This is a false statement. See Attachment 14. I processed only one document on 12/05/2007 (PJ7N03451).

(d) d, e, and f are all false. I processed only two documents on 12/11/2007. I cancelled one 1B5N02316 and PN7N00208.  See Attachment 15.

(g) On 12/15/2007, I did not process any document. See Attachment 16.

This invoice was paid on the same day I processed it without any qualms by the accounting department. Further, the receiving report documents were provided to me by the CO, Cynthia Brown with the invoice # (4658 A). Ms Brown signed the receiving report on 12/5/2007 indicating the invoice number to be 4658A. The signed report was a more dependable basis for processing and has more probative value over an unsigned invoice.

This kind of petty allegation, distinction without a difference, shows how desperate Defendants and its agents are to get me by all means. See Attachment 17.

(h) and (i) are the same allegation. This invoice was paid by accounting department without raising any issue and Defendant did not suffer any harm. See Attachment 18.

(j) Same as h and I above. I processed this document on 12/27/2007. The document was not rejected, and was paid promptly on 12/27/2007. See Attachment 19.

2. January 2008 statement is untrue. I signed for 23 documents and processed all 23 and not 13. See Attachment 20.

(a) On January 16, 2008, I did not process any pegasys document. See Attachment 21.

(b) Same as (a). I did not process any document on 01/22/2008. See Attachment 22.

(c) On January 25, 2008, I processed five documents and they were paid by the accounting department without any objection. See Attachment 23.

(d) Same as (c). See Attachment 23.

In conclusion, Defendants is blatantly discriminating and retaliating against as well as subjecting me to worse hostile environment than existed before I filed my suit.

I was verbally abused by one of the supervisors, Ms. Cynthia Brown and intimidated all in effort to find excuse to terminate me. Bobbie Smith said she can attest to the abused I received from Cynthia Brown.

On 02/07/08, The Branch Chief who took over from Ms. Sisco and who is acting her script, Ms. Karen Smith, issued me a Disciplinary Form 225 based on false allegation. Bobbie Smith, Anthony Marable and Janet Grisby questioned her issuance of the Form to me. Defendant, through the EEO office, issued settlement agreement to rescind the Form 225 and to take it out of my record.

The Union Representative, Mr. O'Brycki requested the Defendant transfer me to a different Service Delivery Team because of hostile work environment. Defendant dismissed my complaint about the Form 225 without response to the Union Rep's request. See Attachment 24.

Against this back ground, I request that the notice of proposed removal be rescinded because the allegations therein are baseless as attachments 1-24 have clearly shown.

Sincerely,

/s/ Abdulai Conteh
Abdulai Conteh
Budget Analyst

Cc:    Robert O' Brycki