UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
*******************************
ABDULAI CONTEH              *
       Plaintiff            *
                            *
       V.                   *     C. A. NO. 1:07-CV-00786 (RWR/JMF)
                            *
LURITA A. DOAN,             *
ADMINISTRATOR, GSA          *
       Defendant            *
*******************************
```

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT
AND HER ATTORNEYS FOR SPOLIATION OF EVIDENCE
AND FAILUR TO COMPLY WITH COURT ORDER

Plaintiff asks the Court to sanction Defendant and her attorneys for discovery abuse, spoliation of evidence, willful failure to comply with Court order and for impeding the discovery process. In the alternative, and pursuant to Local Rule 83.16(d)(2), Plaintiff asks the Court to refer defendant's counsel's conduct to a Third Party Investigator for investigation and sanctions.

**A.  Background**

1.     Plaintiff worked for the Federal Government Department of Housing and Urban Development (HUD) for three (3) years prior to employment with Defendant. During his employment with HUD, Plaintiff garnered numerous awards for excellence 12 of which were attached to Plaintiff's motion for preliminary injunction (**MPI**).

2.     Plaintiff was employed by Defendant on April 21, 2003. Plaintiff filed this action for discrimination, retaliation and hostile work environment on April 30, 2007 and attached among others, **altered Exhibits 6, 7 and 9** to the complaint show Defendant's

penchant to alter vital personnel record pertaining to Plaintiff and Plaintiff's work products in order to smear and depict him as not meeting the expected performance standard and use such altered documents as evidence to deny him merited promotion and eventually to terminate him.

3.     On January 31, 2008, Ms. Cisco admitted under oath during her deposition that she in fact altered **Exhibits 6 and 7** attached to Plaintiff's complaint. She failed to state any legitimate and non discriminatory reasons for doing so.

4.     On February 22, 2008, during Plaintiff's deposition, Defendant's counsel tendered into record documents that defendant had not produced during discovery. Plaintiff's counsel raised objection, contacted the Court and Magistrate Judge Alan Kay ruled that deposition should stop until Plaintiff's counsel had had opportunity to review with his client all documents that defendant had not produced during discovery.

5.     When deposition resumed, defendant tendered several documents. Plaintiff examined them and determined that Exhibit C18 was altered. On the basis of that Plaintiff suspected the following documents entered into his deposition record: C6, C9, C12, C13, C16, C17, C23, C25, C26 and C27 attached as **Exhibit 3** to his **MPI**.

6.     Plaintiff's deposition **Exhibit C18** is an altered version of Ms. Cisco's deposition **Exhibits 21I and 40A** and was attached as **Exhibit 4** in his **MPI.**

7. On February 25, 2008, Plaintiff, through counsel sent email to Defendant's counsel requesting supplemental responses to plaintiff's requests for production and requested to inspect, copy, test or sample electronically stored information (ESI) from which the

suspected Plaintiff's deposition exhibits were obtained. On March 12, 2008, Plaintiff sent another email and not only restated his requests but gave Defendant's attorney, Kenneth Adebonojo, Esq., notice of intent to file motion to compel and sanctions against him and cited the case of Zubulake v. UBS Warburg, LLC, 229 F.R.D. 422 (S.D.N.Y. 2004. The email thread was attached as **Exhibit 5** in Plaintiff's **MPI.**

8.  On April 4, 2006, Ms. Sisco sent email to Plaintiff to stop all work related to the FY08 Rent Est. when Plaintiff was in BA 53 Team and Plaintiff obliged. Ms. Sisco's email was attached as **Exhibit 6** in Plaintiff's **MPI**. Subsequently Plaintiff was moved to BA 61 Team which no longer dealt with Rent Est. and CPI List used for taxes. However, on March 6, 2008, Plaintiff received 3 emails from Ms. Sisco acknowledging receipt of his Rent Est. document, attached as **Exhibit 7** to Plaintiff's **MPI**. On March 14, 2008, Plaintiff received email from Carol A. Vance, who is no longer working for Metropolitan Service Delivery Team, acknowledging receipt of his CPI List, attached as **Exhibit 8** in Plaintiff's **MPI**.

9**.**  On March 4, 2008, during the post discovery status conference, the Court ordered the parties to agree on a date for Defendant to produce the requested documents. Defendant agreed to provide the requested documents on 03/07/08 and that those it could not send on 03/07/08, it would send on 03/10/08 to enable Plaintiff determine whether or not to file his intended motion to compel on March 14 as ordered by the Court.

10.  On March 7, 2008, Defendant sent Plaintiff a 12-page document as an attachment, pages 1 and 7 of which were noticeably altered and leaves no doubt that some of the information had been erased which was attached as **Exhibit 9** in Plaintiff's **MPI**.

11.     On March 12, 2008, Defendant sent email to Plaintiff with a total of 31-page documents as attachment which was not marked in any way to show their relationship with the exhibits that were suspected to have been altered or forged. Of the 31 pages, the first two designated as "Full thread1" were completely new documents that had not been provided before even during Plaintiff's deposition and they were attached as **Exhibit 10 to Plaintiff's MPI**. Of the 29 page "Full thread4", pages 7, 10, 11, 14, 17, 19 & 24 were completely new and had not been produced before. Defendant failed to explain the reason for the delay in producing them and/or their relationship to the suspected Exhibits which were attached as **Exhibit 11 to Plaintiff's MPI**.

12.     On March 13, and 14, 2008, Plaintiff sent several emails to Defendant requesting **original copies** of the suspected exhibits to ascertain their authenticity arguing that the email copies were confusing and still doubtful given that two of them had been noticeably altered.

13.     Plaintiff did not receive the hard copies of these documents from Defendant until March 19, 2008. Even then, the hard copies received were copies of the email threads and not the requested originals of the suspected deposition exhibits, **Exhibit 3** in the **MPI**. Despite repeated requests for the originals of the suspected deposition exhibits, defendant willfully refused to produce them and thereby not only impeded the discovery process but also failed to comply with this Court's order.

## B. Argument

14.  The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations.  See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976).  When considering sanctions, the court should ensure that any discovery sanction comports with due process.  See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 705, 102 S. Ct. 2099, 2105-06 (1982).  The sanctions imposed must have a direct relationship to the offensive conduct.  See Martin v. Brown, 63 F.3d 1252, 1263, 1264 (3d Cir. 1995); Nilsson, Robbins, Dalgarn, Berliner Carson & Wurst v. La. Hydrolec, 854 F.2d 1538, 1546 (9th Cir. 1998).

15.  The court should grant the motion for sanctions because

   (A) Defendant did not comply with the Court order of March 4, 2008 to produce requested documents. Fed. R. Civ. P. 37(b). Instead, defendant produced more altered documents which constitute fraud on the court.

   (B) On February 22, defendant tendered altered and suspected documents into evidence and subsequently failed to produce the originals of the suspected documents to prove their authenticity despite Court's order.

   (C) Defendant did not operate her electronic information system in a routine, good-faith manner hence the kick backs and her inability or refusal to produce electronically stored information despite Court order.  See FRCP 37(f).  In this case, there are exceptional circumstances to warrant sanctions.  See id.  Defendant had an obligation to preserve ESI and other evidence, and she failed to fulfill its obligation, hence her failure to produce original copies of altered and suspected documents.  See Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 2001).

   (D) Plaintiff asks the Court to award sanctions against defendant and her attorneys under its inherent power to sanction.  Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S. Ct. 2123, 2135-36 (1991).

16.     The court should award the following sanctions: monetary sanctions, strike defendant's pleadings, and award Plaintiff attorneys' fees and expenses for preparing the motion for sanctions and attending any hearing thereto. The sanctions sought are not excessive, will ensure future compliance with the rules, and will deter future violations.

17.     There is a direct relationship between defendant and her attorneys' conduct and the request for sanctions.

18.     Based on the record evidence especially the altered documents, Plaintiff asks the Court to sanction defendant and her attorneys for spoliation of evidence, negligent failure to preserve information, destroying or altering ESI; for willful or negligent failure to produce relevant information and for tardy production of evidence. Plaintiff also asks the Court to sanction defendant's attorneys for willfully or negligently aiding and abetting defendant's conduct described above.

19.     Because failure to sanction defendant and her attorneys will embolden them to impede and abuse future discovery in violation of the rules of civil procedure, as well as alter evidence, Plaintiff asks the Court to sanction defendant and her attorneys. In the alternative, Plaintiff asks the Court to refer defendant's attorneys' to a third party investigator under the Local Rule 83. 16(d)(2) for investigation and sanction to deter such future discovery abuse, spoliation of evidence and failure to comply with court order.

         Respectfully submitted
         Abdulai Conteh, Plaintiff

         By his attorneys

       /s/ Obinna Duruji, Esq.
       Obinna Duruji, Esq. DC #435048
       Duruji Law Firm, PC
       7600 Georgia Ave. NW, Suite 217
       Washington, DC 20012
       Tel: 202 722-0961/Fax: 815 642-8070

## LOCAL RULE 7(m) CERTIFICATION

Plaintiff's counsel certifies that he contacted defendant's counsel, Mr. Adebonojo on September 2, 2008, and advised him of Plaintiff's intent to move the Court for spoliation of evidence sanctions against defendant for negligent failure to preserve information, hiding, destroying or altering ESI, willful or negligent failure to produce relevant information and for tardy production of evidence and against defendant's counsel: Jeffrey A. Taylor, Rudolph Contreras and Kenneth Adebonojo for aiding and abating defendant's sanctionable conduct, or in the alternative, and pursuant to Local Rule, ask the Court to refer defendant's counsel's conduct to a Third Party Investigator for investigation and sanctions but did not hear further from him.

## CERTIFICATE OF SERVICE

I, Obinna Duruji, Esq., hereby certify that on September 4, 2008, a copy of the forgoing Motion for Sanctions was served on Kenneth A. Adebonojo, Esq., Defendant's counsel via his ECF registered email: Kenneth. Adebonojo@usdoj.gov.

       /s/Obinna Duruji, Esq.
       Obinna Duruji, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ABDULAI CONTEH**         \*
    **Plaintiff**         \*
                              \*
    **V.**         \*         **C.A. NO. 1:07-CV-00786 (RWR/JMF)**
                              \*
**LURITA A. DOAN,**         \*
**ADMINISTRATOR, GSA**    \*
    **Defendant**         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Upon consideration of Plaintiff's Motion for Sanctions for discovery abuse and spoliation of evidence, and the response, the Court GRANTS the motion.

The Court has considered defendant's conduct in light of the purposes of discovery sanctions and FINDS that the least severe sanction available to meet those purposes is

_____.

SIGNED on _____, 2008.

                                                 _____
                                                 JUDGE RICHARD W. ROBERTS

APPROVED & ENTRY REQUESTED:

By Obinna Duruji, Esq., Plaintiff's counsel